J-S34012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY JOSEPH PFAB | |
| Appellant | No. 1290 WDA 2013 |

Appeal from the Judgment of Sentence July 9, 2013
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000757-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 21, 2014**

Randy Joseph Pfab appeals from the judgment of sentence imposed July 9, 2013, in the Clearfield County Court of Common Pleas.  The trial court imposed an aggregate sentence of 12 months, less one day to two years, less one day of imprisonment, and a consecutive three years' probation, following Pfab's jury conviction of robbery of a motor vehicle, unauthorized use of a motor vehicle, simple assault (two counts) and DUI.[1]  On appeal, he challenges both the sufficiency and weight of the evidence supporting his convictions, as well as the trial court's refusal to provide the jury with a "defense of property" instruction.  For the reasons that follow, we affirm.

---

[1] 18 Pa.C.S. §§ 3702(a), 3928(a), and 2701(a), and 75 Pa.C.S. § 3802(a)(1).

The facts underlying Pfab's arrest and conviction are aptly summarized in the trial court's opinion as follows:

> On September 9, 2012, Katy Bailley and Stephani Quairiere were working at the Treasure Lake Ski Lodge, a bar and restaurant, located in Treasure Lake, Sandy Township, Pennsylvania. At the conclusion of their shift, at approximately 2:00 a.m., they were asked by the bar's owner/manager to take [Pfab] to [his] guest residence, as it appeared that [Pfab] was intoxicated and bleeding. [Pfab] told Bailley and Quairiere that he had been involved in an altercation in the bar's parking lot and had been injured. Before that evening the two had never met [Pfab]. Bailley and Quairiere complied with the owner's request to transport [Pfab] home.
>
> The two put [Pfab] into Quairiere's blue Jeep Liberty and began to drive to [Pfab's] guest residence, which is located in the same general area as the bar. There was nothing proffered at trial to contest the fact that Quairiere was the owner of the vehicle. While the three were driving to [Pfab's] residence, [Pfab] began to act in an odd manner. However, [Pfab's] peculiar actions soon turned violent. [Pfab], while sitting in the back seat of the automobile, began to punch Quairiere in the back of the head and grab her. [Pfab] testified that he believed that Quairiere and Bailley were stealing his automobile. In the midst of the vicious blows, Quairiere managed to stop her vehicle and Bailley pulled her from the driver's seat in order for her to exit the car from the passenger's side. [Pfab] continued to wallop Quairiere as she was attempting to exit the automobile.
>
> When Bailley and Quairiere exited the Jeep, [Pfab] jumped into the driver's seat and attempted to start the car. With the keys still in the ignition, Quairiere tried to get the keys from [Pfab]. Quairiere was successful in doing so, even in [] light of the fact that [Pfab] continued to punch her. Bailley also tried to attain her cell phone from the car to call for aid. When Bailley did this, she too was punched in the face and head. Once Quairiere apprehended her keys, she began to run. [Pfab] chased her in an effort to recover the keys. [Pfab] tackled Quairiere and started hitting her in the back of the head. [Pfab] kept attacking Quairiere until she relinquished the keys. With

keys in hand, [Pfab] ran to the vehicle and drove away from the area, leaving Bailley and Quairiere on the roadside.

Bailley called 911 for emergency assistance. A responding officer arrived at the scene and began to transport the victims to a nearby E.M.S. However, while in route the officer received an alert that a blue Jeep Liberty, matching the description of Quairiere's car, was in the area of the incident. Bailley and Quairiere traveled with the officer to identify the vehicle. At that point, they observed the Jeep and the officer drove behind the vehicle and flashed his signals, in an attempt to halt [Pfab]. [Pfab] subsequently stopped the Jeep and the officers on the scene placed him under arrest.

After [Pfab] was apprehended, Bailley and Quairiere were taken to the hospital for treatment of their ailments that resulted from [Pfab's] conduct. … [Pfab] was also transported to the hospital for a blood alcohol test, because it was believed by the arresting officer that alcohol was involved in the incident. While at the hospital the officer, as part of investigating [Pfab] for Driving Under the Influence, read [Pfab] a form explaining the implied consent law. [Pfab] was read his chemical test warnings, which he refused to sign. The test was then marked as a refusal by the arresting officer.

Trial Court Opinion, 12/11/2013, at 1-3.

As noted above, Pfab was subsequently charged with robbery of motor vehicle, unauthorized use of a vehicle, simple assault (two counts), and DUI.[2] On April 11, 2013, a jury found him guilty of all charges. Pfab was sentenced, on July 9, 2013, to a term of 12 months less one day to two years less one day of imprisonment, followed by three years' probation for the charge of robbery of a motor vehicle. The trial court imposed concurrent

_____

[2] He was also charged with two counts of harassment, for which the trial court returned no verdict. *See* 18 Pa.C.S. § 2709(a)(1).

terms of 30 days to one year for one count of simple assault and 72 hours to six months for DUI.[3] This timely appeal followed.[4]

In his first issue, Pfab challenges the sufficiency of the evidence supporting his conviction of robbery of a motor vehicle. Specifically, he argues that the conviction "must be vacated" because he mistakenly believed the vehicle in question was his own. Pfab's Brief at 15.

A person is guilty of robbery of a motor vehicle "if he steals or takes a motor vehicle from another person in the presence of that person or any other person in lawful possession of the motor vehicle." 18 Pa.C.S. § 3702(a). This Court has held that because the crime is included in the section of the Crimes Code pertaining to robbery, the Commonwealth must also prove that the taking of the vehicle was "accomplished by the use of force, intimidation or the inducement of fear in the victim." **Commonwealth v. George**, 705 A.2d 916, 919-920 (Pa. Super. 1998), *appeal denied*, 725 A.2d 1218 (Pa. 1998).

Here, the facts clearly established that Pfab forcibly stole Quairiere's vehicle from her, by punching her in the face and head and wrestling the

_____

[3] The sentences for the remaining count of simple assault and unauthorized use of a vehicle merged with the sentence for robbery of a motor vehicle. **See** N.T., 7/9/2013, at 17-18.

[4] On August 8, 2013, the trial court ordered Pfab to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pfab complied with the court's directive and filed a concise statement on August 28, 2013.

keys from her. However, Pfab argues that he mistakenly believed the vehicle was his own, and that Quairiere and Bailley were attempting to steal the vehicle from him.[5]

"It is well established that a bona fide, reasonable mistake of fact may, under certain circumstances, negate the element of criminal intent." ***Commonwealth v. Namack***, 663 A.2d 191, 194 (Pa. Super. 1995), *citing* 18 Pa.C.S. § 304. However, it is also well-settled that voluntary intoxication is not a defense to a criminal charge, and evidence of a defendant's voluntary intoxication may not be introduced to negate the element of intent. 18 Pa.C.S. § 308. ***See Commonwealth v. Ellis***, 581 A.2d 595, 604-605 (Pa. Super. 1990) ("Clearly, voluntary intoxication is statutorily precluded as a defense to robbery."), *aff'd*, 626 A.2d 1137 (Pa. 1993).

Here, Pfab admitted that he had been drinking all day with friends, and that he was "drunk" while at the restaurant. N.T., 4/11/2013, 218, 229-230. Therefore, there was sufficient evidence for the jury to conclude that Pfab's "mistake" as to the ownership of the Jeep was not reasonable, but

---

[5] We note that Pfab failed to cite any statutory or case law with respect to his defense of "mistake of fact." On this basis, we could conclude that the issue is waived. ***See Commonwealth v. Chine***, 40 A.3d 1239, 1244 (Pa. Super. 2012) (holding challenge to jury instruction waived when defendant "cited no legal authorities nor developed any meaningful analysis"), *appeal denied*, 63 A.3d 773 (Pa. 2013)

rather, a result of his voluntary intoxication.[6] Accordingly, no relief is warranted on this claim.

Next, Pfab challenges the weight of the evidence supporting his convictions. He argues, once again, that "his conviction for robbery of a motor vehicle [was] built upon his undeniable mistake of fact that the car was not his[.]" Pfab's Brief at 15.

It is axiomatic that:

> [A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion.

*Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) *(*citations omitted). *See* Pa.R.Crim.P. 607.

Here, Pfab neglected to file post-sentence motions. Nor did he raise a challenge to the weight of the evidence either prior to or during the sentencing hearing. *See generally* N.T., 7/9/2013. Therefore, regardless of the fact that the trial court addressed the weight claim in its opinion, this issue is waived for our review. *See Commonwealth v. Thompson*, 93

---

[6] Moreover, the testimony established that the vehicle Pfab believed was being stolen was his brother's Dodge Dakota truck, which he had driven to a friend's house earlier that day. N.T., 4/11/2013, p. 226. Pfab admitted that the truck had only two doors and two seats in the front, while Quairiere's Jeep had four doors, and four seats. *Id.* at 227. Indeed, Pfab was sitting in the back seat of the Jeep. *Id.* Therefore, there was ample evidence for the jury to conclude that Pfab's mistake was not reasonable.

A.3d 478, 490-491 (Pa. Super. 2014) (explaining that a trial court is divested of jurisidiction when appeal is filed; therefore, court "could not grant nor deny the claim at the time it was first raised by Appellant in his concise statement.").

In his last issue, Pfab contends the trial court erred in failing to provide the jury with a charge regarding the justifiable use of force to defend one's property. **See** 18 Pa.C.S. § 507.[7] He argues "[t]he testimony throughout the trial was consistent in that [Pfab] believed that the vehicle he was taking was his own[,]" and "[t]he jury could have made a decision that the force

_____

[7] The statute provides, in relevant part:

> (a) Use of force justifiable for protection of property.--The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary:

> (2) … to retake tangible movable property, if:

>> (i) the actor believes that he or the person by whose authority he acts … was unlawfully dispossessed of such land or movable property and is entitled to possession; and

>> (ii) (A) the force is used immediately or on fresh pursuit after such dispossession; or

>> (B) the actor believes that the person against whom he uses force has no claim of right to the possession of the property ….

18 Pa.C.S. § 507.

used in taking the vehicle was justified" so as to negate the charge of simple assault. Pfab's Brief at 20.

We find this issue, too, is wavied for our review. First, Pfab framed this claim in his concise statement as follows: "The Court erred in not properly charging the jury." Concise Statement of Matters Complained of on Appeal, 8/28/2013, at ¶ 4. As stated, the claim was too vague to allow the trial court to identify the specific error raised on appeal. This Court has explained:

> An appellant's concise statement must properly specify the error to be addressed on appeal. **Commonwealth v. Dowling**, 778 A.2d 683 (Pa.Super.2001). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa.Super.2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." **Id.** The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. **Id.** Thus, if a concise statement is too vague, the court may find waiver. **Id.**

**Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011).

Indeed, in its opinion, the trial court noted that "[w]ithout any specific error eluded to by [Pfab] the [c]ourt has examined the trial transcript in its entirety and can find no inaccuracies." Trial Court Opinion, 12/11/2013, at 10. Accordingly, we find that the issue, as framed by Pfab in his concise

statement, was too vague to alert the trial court to the specific error Pfab intended to challenge on appeal.[8]

Second, even if we were to conclude the issue was not waived for vagueness, we would find that Pfab failed to preserve his challenge at trial. At the close of Pfab's defense, the prosecutor asked the trial court to clarify its points for charge. N.T., 4/11/2013, at 238. The court indicated that it intended to instruct the jury on "mistake of fact" and "voluntary intoxication," but that it would "reference the mistake of fact to the robbery of a motor vehicle and the unauthorized use." *Id.* Pfab's defense counsel replied, "That's fine, that's fine." *Id.* Thereafter, the following exchange took place:

> THE COURT: I don't think it's applicable – it's certainly not applicable to the DUI, and I do not believe it was applicable to either count of simple assault.
>
> [DEFENSE COUNSEL:] Well, it might be with the simple assault, because if you think about it, if he thinks that they are actually stealing his car and taking him away in it, if that had been true, him assaulting them would be – you have a defense-of-property defense itself. You'd at least have defense of property, someone taking his car.
>
> I'm not really arguing that point to you. I'm mostly concerned –
>
> THE COURT: I've been sitting up here thinking about it, to be honest; and I think the better way to go is to not give it in

_____

[8] We note that although, on September 3, 2013, the trial court granted Pfab's request to file a supplemental concise statement pending his receipt of the trial transcripts, no supplemental statement was ever filed.

that regard, because if I'm going to give that, then what do I have to do…

    [DEFENSE COUNSEL:] My bigger concern is the robbery charge.

*Id.* at 238-239.

In order to preserve a challenge to a particular jury instruction, a defendant must make "[a] specific and timely objection" at trial. ***Commonwealth v. Moury***, 992 A.2d 162, 178 (Pa. Super. 2010). Trial counsel's half-hearted explanation of why a defense of property charge **might** be applicable does not equate to a specific request that the court provide such a charge, or an objection when the court refused to give the charge. Accordingly, for all the foregoing reasons, Pfab's challenge to the jury instructions is waived.

    Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2014